**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF BAPA HOLDINGS, CORP., PURSUANT TO 28 U.S.C. § 1782 FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN PROCEEDING | Misc. Action No. 25-00026 (AHA) |

### Memorandum Opinion

Petitioner BAPA Holdings, Corp., has filed an application to obtain discovery from Neway Capital LLC for use in a foreign proceeding under 28 U.S.C. § 1782. ECF No. 1. The Court finds the requirements of § 1782 satisfied.

Section 1782(a) provides that a federal district court "may order" a person who "resides or is found" in that district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal" when the request is made "by a foreign or international tribunal or upon the application of any interested person." 28 U.S.C. § 1782(a). Here, the statutory requirements are met. Neway resides in this District—BAPA has submitted a declaration attesting that Neway has its principal address and mailing address listed in D.C., and lists a D.C. address on its website. ECF No. 1-2 ¶ 7. The discovery is requested "for use in a proceeding in a foreign or international tribunal"—namely, for use in a Guatemala proceeding. *Id.* ¶¶ 28–34. And the application is made by an "interested person"—BAPA is a party to the Guatemala proceeding. *Id.* ¶ 34.

Even when all three statutory requirements are satisfied, "a district court is not required to grant a § 1782(a) discovery application." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Courts consider four factors set out in *Intel* to decide whether to exercise their

discretion to grant the application. *See, e.g.*, *In re DiGiulian*, 314 F. Supp. 3d 1, 7 (D.D.C. 2018). Here, all four factors weigh in favor of granting the application.

First, "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264. According to BAPA's sworn declaration, Neway "is not expected to be a party to the Foreign Proceeding." ECF No. 1-2 ¶ 36.

Second, the court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. BAPA attests that "there is no indication that the Guatemalan civil courts would not be receptive to the documentary and testimonial evidence sought through the instant Application." ECF No. 1-2 ¶ 37. In fact, evidence from a separate § 1782(a) application has already been admitted in the Guatemala proceeding. *Id.*; *see In re Application of BAPA Holdings, Corp.*, No. 22-cv-20504 (S.D. Fla.).

Third, the court considers "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Nothing in the record suggests that BAPA is attempting to circumvent the proof-gathering rules or policies of this Court or the courts of Guatemala. And BAPA represents that the evidence sought "is likely admissible in the Guatemalan courts and in the Foreign Proceeding." ECF No. 1-2 ¶ 37.

Finally, the discovery sought should not be "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. BAPA has limited the scope of the requested discovery to specific categories of information within a targeted period. ECF No. 1-2 ¶¶ 26, 38; ECF No. 1-3 at 9–10.

For these reasons, BAPA's application is granted. BAPA is authorized to serve on Neway the subpoena attached to its application as Exhibit 2. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   May 21, 2025